UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-09464 MMM (JCx) | Date | February 2, 2012 |
| Title | *Jimenez v. Bank of America Home Loans Servicing LP, et al.* | | |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order to Show Cause Why Action Should Not Be Dismissed For Lack of Subject Matter Jurisdiction

### I. BACKGROUND

On November 15, 2011, plaintiff Silvia Jimenez ("Jimenez") filed this action against defendant Bank of America Home Loans Servicing LP ("BOA"), Bank of New York Mellon ("BNYM"), Recontrust ("Recon"), Maria Zendejas ("Zendejas"), and Does 1-10 inclusive.[1]  Plaintiff does not allege the citizenship of any party and asserts no specific basis for the court's jurisdiction.[2]

On or about July 7, 2007, Jimenez went to BOA and acquired the subject property pursuant to a Deed of Trust.[3] Jimenez alleges that defendants never fully disclosed the terms of the mortgage loan and engaged in unfair and deceptive lending practices.[4]  Defendants pushed teaser rates at

---

[1]Complaint, Docket No. 3 (Nov. 15, 2011)

[2]*Id.*

[3]*Id.*, ¶¶ 1 and 3.

[4]*Id.*, ¶ 9.

Jimenez, while selling their loans to third parties and often earning increased profits for riskier loans.[5]

On or about April 25, 2011, Recon served Jimenez with a Notice of Default and Election to sell under the Deed of Trust.[6] Jimenez asked Recon to comply with all relevant Federal Mortgage Assistance programs and California Mortgage Assistance programs, but a Notice of Sale was set for September 2, 2011.[7] Prior to the foreclosure sale, Jimenez alleges that she made improvements on the subject property that exceed $50,000 in value.[8] The cover sheet of her complaint lists nine causes of action for intentional fraud, breach of fiduciary duty, negligence, quiet title, cancellation of deed, "injunctive relief (2 counts)," cancellation of trustee's deed, declaratory relief, and recission.[9] The body of the complaint, however, pleads only three causes of action for (1) cancellation of the trustee's deed upon sale, (2) cancellation of the trustee sale, and (3) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.[10]

## II. DISCUSSION

### A. Legal Standard Governing Assertion of Federal Jurisdiction

As the party invoking federal jurisdiction in this case, plaintiff has the burden of establishing the existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, can be met by alleging sufficient facts to show that there is a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction").

The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention

---

[5]*Id.*, ¶ 13.

[6]*Id.*, ¶ 20.

[7]*Id.*, ¶ 22.

[8]*Id.*, ¶ 24.

[9]The claim for quiet title is listed twice.

[10]Complaint, ¶¶ 29-35.

or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F. Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assocs.*, 33 F.3d 1068, 1071 (9th Cir. 1994).

### B. Whether the Court Has Federal Question Jurisdiction Over This Action

Absent diversity of citizenship, federal question jurisdiction is required for a case to be heard in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441(b). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed to be absent unless plaintiff has alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial and dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. It is not sufficient for a complaint to identify the statutory or constitutional provision under which the claim arises; it must also allege sufficient facts to show that the case arises under federal law. *Martinez v. U.S.O.C*, 802 F.2d 1275, 1280 (10th Cir. 1986); see also *Kirkland Masonry, Inc. v. Commissioner*, 614 F.2d 532, 533 (5th Cir. 1980).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Here, all the causes of action listed on the complaint's cover sheet and in the body of the complaint plead claims arising under state law, and no federal causes of action are evident. Although plaintiff refers to violations of the "Federal Truth in Lending Act TILA provisions [sic] and violations of the "Home Owners Loan Act of 1933, 12 USC 1461 [sic]," she pleads no claims for relief under

either statute.[11]  "The mere mention of federal statutes, absent assertion of a claim under those statutes, does not provide grounds for federal question jurisdiction." *Moore v. City of Los Angeles*, No. 09-02587, 2009 WL 1705682, *3 (C.D. Cal. 2009).

To the extent that plaintiff relies on these violations as a basis of her UCL claim, the fact that a federal law serves as an "ingredient" of one of her state law claims is insufficient to confer jurisdiction.  See *Lippitt v. Raymond James Fin. Services, Inc.*, 340 F.3d 1033, 1041-43 (9th Cir. 2003) (holding that federal law was not "necessary element" of UCL claim, since plaintiff "does not have to rely on a violation of the Exchange Act nor an infraction of an NYSE rule or regulation to bring a UCL claim in California state court.  He merely has to allege that Defendants' conduct was either unfair or fraudulent. . . . Rather, [plaintiff] seeks to use a state statute, namely California's Unfair Competition Law, as a vehicle to hold Defendants liable for misleading and deceptive practices . . ." ).  Consequently, plaintiff has not shown that federal question jurisdiction exists here.

### C.  Whether Plaintiff Has Established the Existence of Diversity Jurisdiction

Absent a federal question, federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant.  28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996).  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806).  For diversity purposes, a corporation may be a citizen of multiple states.  "[A] corporation [is] deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ."  28 U.S.C. § 1332(c)(1).  A person is a citizen of the state in which he has his domicile, i.e., a permanent home where he intends to remain or to which he intends to return.  See *Gilbert v. David* , 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return").  Plaintiff does not allege the citizenship of any of the parties.  In fact, the allegations suggest that all parties are citizens of California, which would defeat complete diversity.[12]  As a result, plaintiff has failed to demonstrate that the parties are completely diverse.

Further, diversity jurisdiction requires that the amount in controversy exceed $75.000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .").  "In measuring the amount in controversy, a court must assume

---

[11] Complaint, ¶ 15(a)-(b).

[12] Plaintiff alleges that she is a citizen of California, and that BOA, Recon, and BNYM are limited liability companies registered in California. (*Id.*, ¶¶ 1 and 5.)

that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* (citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (emphasis original)).

Here, the complaint contains no allegation that the jurisdictional threshold is satisfied in this case or that the amount in controversy exceeds $75,000. It is the complaint's allegations that the court typically looks to in order to ascertain jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106 (9th Cir. 2010) ("Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

The court notes that shortly after filing the complaint, plaintiff filed an application for a temporary restraining order and a supporting memorandum of points and authorities, in which she stated that the purchase price of the home was $289,000.[13] This assertion is unsupported by any evidence. As the party asserting jurisdiction, plaintiff bears the burden of establishing the existence of an amount in controversy above the jurisdictional threshold. See *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (noting with approval Fifth Circuit's holding that "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). Therefore, plaintiff should adduce summary judgment type evidence indicating that the amount in controversy exceeds $75,000.

### III. CONCLUSION

For the reasons stated, the court orders plaintiff to show cause by **February 27, 2012**, why the action should not be dismissed for lack of subject matter jurisdiction. **Failure to respond by this date will result in immediate dismissal of plaintiff's complaint.** Defendant may file a response on or before **March 5, 2012.**

---

[13] Plaintiff's Application for Temporary Restraining Order, Docket No. 5 (Nov. 15, 2011) at 5.